IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CHARLES L. SIMS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2: 14-cv-1095 |
| v. | ) | |
| | ) | |
| VIACOM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case has a tortured background. Since 2009, Plaintiff, Charles Sims has filed three separate lawsuits against Defendant, Viacom, Inc., alleging copyright infringement and other related claims. All three have lawsuits been dismissed with prejudice,[1] and Plaintiff has previously been "advised and warned" by this Court not "to continue to file lawsuits against this Defendant which arise out of the same underlying facts." Despite those words of caution, on August 15, 2014, Sims filed a motion for leave to proceed *in forma pauperis* ("IFP"), with an attached Complaint that rehashed most of the allegations in his prior suits (ECF No. 1). After evaluating Sims' financial status and determining that he was unable to pay the requisite filing fee, the Court granted his motion to proceed IFP (ECF No. 2). For the following reasons, however, the Court will dismiss his Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.      Background**

There is no need to set forth all of Sims' allegations at length. It suffices to say that he

---

1.      *See Sims v. Viacom, Inc.*, No. 09–3521, 2010 WL 4665969, at *1 (E.D. Pa. Nov. 17, 2010) ["*Sims I*"]; *Sims v. Viacom, Inc.*, No. 11–cv–0675, 2012 WL 280609, at *4–5 (W.D. Pa. Jan. 31, 2012) [ "*Sims II*"]; *Sims v. Viacom, Inc.*, No.12-166, 2012 WL 696225 (W.D. Pa. Nov. 26, 2012), *report and recommendation adopted*, 2013 WL 357271 (W.D. Pa. Jan. 29, 2013), *aff'd*, 544 F. App'x 99 (3d Cir. 2013) ["*Sims III*"].

created and copyrighted a "treatment" for a reality television show dubbed "Ghetto Fabulous," which he and a collaborator, Allison Jordan, pitched to Viacom, and he believes that Viacom stole his idea for the show.

The protracted procedural history between the parties is, however, worthy of more consideration. On January 23, 2009, Sims and Jordan initiated a lawsuit against Viacom and two other companies by writ of summons in the Philadelphia County Court of Common Pleas. Six months later, they filed a verified complaint, in which they contended that Viacom "stole 'Ghetto Fabulous,'" and asserted claims for breach of express and implied contracts, fraud, negligent misrepresentation, and conversion. Defendants timely removed the case to the United States District Court for the Eastern District of Pennsylvania, and then moved to dismiss the claims. The district court granted the motion to dismiss the fraud and conversation claims, holding, *inter alia*, that the conversion claim was preempted by the federal Copyright Act. The court permitted the remaining claims to proceed to discovery. Following the close of discovery, Viacom moved for summary judgment on the ground that the claims for breach of express and implied contracts were barred by the Submission Release that had been signed by Jordan. The district court found that Jordan had signed the Submission Release "on behalf of herself and Sims," and granted summary judgment in favor of Viacom.

On June 7, 2011, Sims, *pro se*, filed a second suit against Viacom, this time in the Western District of Pennsylvania. The Complaint basically repeated the same allegations as those alleged in his prior lawsuit; however, he purported to proceed under new legal theories: copyright infringement, violations of the Digital Millennium Copyright Act ("DMCA"), and unjust enrichment. Viacom moved to dismiss, and the Court granted the motion, holding that the copyright and DMCA claims were time-barred, or, alternatively, were subject to dismissal

2

because Sims had never registered his treatment with the copyright office. In addition, the Court held that the unjust enrichment claim was preempted by federal copyright law. Sims did not appeal.

Instead, on February 10, 2012 – just ten days after his claims were dismissed in *Sims II* – Sims filed yet another Complaint against Viacom in the Western District of Pennsylvania. In the third action based on Viacom's alleged use of his "Ghetto Fabulous" treatment, Sims agains alleged copyright infringement, violation of the DMCA, and unjust enrichment for the 2009 episodes of "Charm School" and another show, "From G's to Gents." Once again, Viacom moved to dismiss, arguing that the claims were barred by res judicata, time-barred under the terms of the Submission Release, and, in any event, entirely without merit. Chief Magistrate Judge Lenihan recommended that the motion be granted on the basis of res judicata, and the Court agreed, adopting the Magistrate Judge's report and recommendation as the opinion of the Court on January 29, 2013. Plaintiff then appealed to the Court of Appeals for the Third Circuit, which affirmed this Court's decision in a non-precedential opinion on November 14, 2013, after having found that each of Plaintiff's claims were barred by res judicata.

On August 15, 2014, Plaintiff filed his latest Complaint against Viacom. This action contains virtually the same allegations as the previous three. In a preemptive attempt to evade the application of res judicata, however, Plaintiff now alleges that

> 18. Throughout the entire appeal process with the *Sims III* lawsuit still pending, Viacom failed to take seasons one (1) and two (2) of the alleged infringing show "From G's to Gents" off of its website, thus creating new successive violations of alleged infringement according to Copyright law. In contrast, the show "Charm School" was never rebroadcasted on Viacom's website pending litigation or post litigation. The present lawsuit is in regards to only the recent Internet rebroadcast of seasons one (1) and two (2) of the show "From G's to Gents." These current rebroadcasted episodes could not have been included in any of the previous *Sims'* lawsuits.

3

Compl. ¶ 18 (ECF No. 4).

## II. Standard of Review

A district court must use a "two-step analysis in evaluating motions to proceed under § 1915." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court must first evaluate the plaintiff's "financial status and determine[] whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a)." *Id.* The determination of whether to grant or deny IFP status is "based on economic criteria alone." *Id.* Second, the court must analyze the complaint "under § 1915(d) to determine whether it is frivolous."[2] *Id.* A complaint is frivolous only if it is "based on an indisputably meritless legal theory" or if its "factual contentions are clearly baseless." *Id.* at 195 (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court of Appeals has also made clear, however, that "res judicata is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)." *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (citing *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002)). In making this determination, the Court must liberally construe the allegations in the complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011).

## III. Discussion

The Court granted Plaintiff's motion to litigate IFP based solely on his financial status, as set forth in his affidavit. Upon a review of his Complaint, however, it is clear that the claims alleged therein are barred by res judicata, and, thus, the Complaint will be dismissed with

---

2. In *Roman*, the court referenced the former version of 28 U.S.C. § 1915(d), which provided that "[t]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1990) (redesignated as Section 1915(e) by the Prison Litigation Reform Act, Pub. L. No. 104–135, 110 Stat. 1321 (1996)). The portion of Section 1915(d) which allowed the district court to dismiss frivolous IFP complaints has since been recodified at 28 U.S.C. § 1915(e)(2)(B)(i).

4

prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

As the Court of Appeals explained in affirming this Court's dismissal of Plaintiff's third Complaint against Viacom:

> The doctrine of res judicata, or claim preclusion, is intended to avoid piecemeal litigation of claims arising from the same events. *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id.* (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476, 118 S. Ct. 921, 139 L.Ed.2d 912 (1998)). The application of res judicata requires a defendant to demonstrate three elements: (1) a final judgment on the merits in a prior suit involving, (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir.1984)). "If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).

Each of the requisite factors is present here. First, the courts in *Sims I*, *Sims II*, and *Sims III* each entered a final judgment on the merits against Sims. *See id.* (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Hubicki v. ACF Indus., Inc.*, 484 F.2d 519, 524 (3d Cir. 1973)) (explaining that dismissal under Fed. R. Civ. P. 12(b)(6) and summary judgment are both final judgments for purposes of res judicata). Second, each of the prior cases involved the same parties – Sims and Viacom. Third, this suit is based on the same "cause of action" as the prior suits. "In determining whether two suits are based on the same cause of action, we take a broad view, evaluating whether there is 'essential similarity of the underlying events giving rise to the various legal claims.'" *Id.* (quoting *CoreStates Bank*, 176 F.3d at 194). The court must consider "'whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same.'" *Id.* (quoting *Lubrizol*, 929 F.2d at 963). Here, just as the Court of Appeals concluded in affirming the dismissal of Sims' third lawsuit, the gravamen

of this Complaint is identical as that in the prior suits – "his contention Viacom copied his concept for a reality television show from the 'Ghetto Fabulous' treatment Sims and Jordan submitted to Viacom." *Id.* at 102.

While Sims attempts to distinguish this suit from the prior ones by alleging that the rebroadcasted episodes of "From G's to Gents" could not have been included in any of the previous lawsuits, the Court is not persuaded that the distinction matters. Indeed, Sims raised a similar argument on appeal in the third lawsuit, and the Court of Appeals soundly rejected his reasoning:

> Though Sims attempts to differentiate this action by focusing his claims only on the 2009 seasons of "Charm School" and "From G's to Gents" and noting his copyright registration for the "Ghetto Fabulous" treatment, such minor differences do not undermine the "essential similarity of the underlying events" which form the basis of Sims's claims. *See Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 174 (3d Cir. 2009) ("A claim extinguished by res judicata 'includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction or series of connected transactions, out of which the action arose.'" (quoting *Restatement (Second) of Judgments* § 24(1) (1982) (emphasis added by *Elkadrawy*))); *Churchill*, 183 F.3d at 195 (dismissing under res judicata a second action pleading different legal theories and new facts because of the essential similarity of the underlying events with a prior lawsuit). We likewise **discount Sims's contention he should be entitled to plead each season separately because each episode of the television shows is a separate work entitled to its own copyright protection. Sims complains Viacom copied his concept for a reality television show, not for particular episodes**. Furthermore, the 2009 seasons of "Charm School" and "From G's to Gents" are **part of a series of connected transactions** – beginning with Sims's allegation Viacom stole his idea for a reality television show – and accordingly are based on the same cause of action as *Sims I* and *Sims II*. *See Elkadrawy*, 584 F.3d at 174.

*Id.* at 102 (emphasis added). The Court of Appeals' reasoning applies with equal force to Sims' current claim. Allowing him to proceed in such a piecemeal fashion would directly undercut the principles that the doctrine of res judicata is designed to preserve.

Accordingly, Sims' Complaint will be dismissed with prejudice. There is simply no reason to require Viacom to be served with a virtually identical copy of the Complaint that it has

sought to dismiss on three prior occasions and to await "the inevitable motion to dismiss on preclusion grounds." *Gleash*, 308 F.3d at 760-61. It is, rather, much more sensible to "stop the suit immediately, saving time and money for everyone concerned," and § 1915(e)(2)(B)(i) expressly permits the Court to do so.

**IV.     Conclusion**

For the foregoing reasons, Sims' Complaint will be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i). He is once against cautioned against continuing to file lawsuits against Viacom arising out of the same underlying facts as the four suits that he is already filed. If his disagrees with this Court's decision, the proper procedural mechanism for challenging the decision is filing a notice of appeal with the district court clerk within 30 days and not simply filing another lawsuit. *See* Fed. R. App. P. 3 and 4. An appropriate Order follows.

                                                    McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES L. SIMS,** | ) | |
| | ) | |
| Plaintiff, | ) | 2: 14-cv-1095 |
| v. | ) | |
| | ) | |
| **VIACOM, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 21st day of August, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Complaint filed by Charles L. Sims is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is **ORDERED** to docket this case closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Charles L. Sims, *Pro Se*
212 Ridge Avenue
New Kensington, PA 15068
(412) 918-0291

Gayle C. Sproul, Esquire
Levine, Sullivan, Koch & Schulz
Email: gsproul@lskslaw.com

Michael Berry, Esquire
Levine Sullivan Koch & Schultz
Email: mberry@lskslaw.com

Robert Penchina, Esquire
Levine, Sullivan, Koch & Schulz
Email: rpenchina@lskslaw.com